R. G. Herndon et al., Complainants, v. The Herndon Corporation et al., Defendants.
On Appeal of Gertrude Vanderbilt, Appellant, v. Hans Bartsch, Appellee.

Gen. No. 22,391.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the March term, 1916. Appeal dismissed. Opinion filed October 30, 1916. Rehearing denied and supplemental opinion filed November 13, 1916.

### Statement of the Case.

Bill in chancery by R. G. Herndon and Glenn Hall, complainants, against the Herndon Corporation, Louis Dreyfuss, V. Knust, otherwise known as Valli Valli, Hans Bartsch and H. Mahieu Company, Inc., defendants, on the appeal of Gertrude Vanderbilt, appellant, against Hans Bartsch, appellee, in the Circuit Court of Cook county. From an order vacating and setting aside a previous order authorizing a receiver to solicit bids for the sale of certain property thought to be assets of the corporation, and finding that the property was not such an asset, appellant appeals.

Appellant was not a party to the proceedings but had filed a claim with the receiver alleging that she was a creditor of the corporation. On petition for rehearing it appeared by a supplemental record that appellant had obtained leave to file an intervening petition, which had been done, and that certain defendants had filed a cross-bill, making appellant a defendant.

ADOLPH MARKS and ELIJAH N. ZOLINE, for appellant; ELIJAH N. ZOLINE, of counsel.

E. S. HARTMAN, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 338*—*who may review judgment.* In order to maintain a writ of error to review a judgment or decree, the plaintiff in error must be either a party to the record, or sustain some mutual or successive relationship to the subject-matter of the litigation or the parties, out of which arises the right, duty or privilege to have the judgment reviewed, or he must have some direct or collateral interest injuriously affected by the judgment upon which to rest a right to a review.

2. APPEAL AND ERROR, § 348*—*what record must show to entitle one to appeal.* Where an appellant is not a party to the record, her right to appeal from the judgment or decree must affirmatively appear from the assignment of errors.

## On Rehearing.

1. APPEAL AND ERROR, § 340*—*when intervening petitioner may appeal.* One who has obtained leave to file and has filed an intervening petition in proceedings in which a receiver has been appointed, and who has been made defendant in a cross-bill by certain defendants to the original proceeding, has the right to appeal from any appealable order.

2. APPEAL AND ERROR, § 315*—*when order vacating order of sale not appealable.* In chancery proceedings against a corporation wherein a receiver has been appointed, an order vacating and setting aside a previous order authorizing the receiver to solicit bids for the sale of certain property supposed to be an asset of the corporation, finding that such property is not subject to such sale at that stage of the proceedings and expressly reserving the determination of the questions involved for further hearing, is not a final order from which an appeal can be maintained.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCI 37